IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

KEITH ANTOINE JONES,

    Petitioner,

       v.

UNITED STATES OF AMERICA,

    Respondent.

\*

\*

\*

\*

\*

\*

CIVIL NO.:    WDQ-13-2299
CRIMINAL NO.:  WDQ-08-0441

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

On January 22, 2009, Keith Antoine Jones pled guilty to possession with intent to distribute cocaine base and heroin,[1] and being a felon in possession of a firearm.[2]  ECF Nos. 21, 22. He was sentenced to 188 months imprisonment.  ECF No. 34. Pending is Jones's petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  ECF No. 81.  No hearing is necessary.  *See* Rule 8 of the *Rules Governing § 2255 Proceedings*.  For the following reasons, Jones's petition will be granted.

I.   Background

On April 15, 2008, Baltimore County Police detectives seized, pursuant to a warrant, 111.7 grams of heroin; gelatin capsules, baggies, sifters, scales, and cutting agents--tools

---

[1] *See* 21 U.S.C. § 841(a)(1)(2006).

[2] *See* 18 U.S.C. § 922(g)(1)(2006).

for packaging heroin for street-level distribution; over $20,000; and a .45 caliber handgun, from Jones's apartment.  ECF No. 22 ¶ 4.

On September 16, 2008, Jones was indicted for: (Count One) possession with intent to distribute five grams or more of cocaine base and a quantity of heroin (based on an earlier incident); (Count Two) possession with intent to distribute 100 grams or more of heroin; and (Count Three) being a felon in possession of a firearm.  ECF No. 7.

Creston Smith, Esq., represented Jones.  ECF No. 4.  On January 22, 2009, following a plea agreement, Jones pled guilty to counts two and three of the indictment.  ECF Nos. 21, 22.  In the plea agreement, Jones admitted that he possessed with intent to distribute 111.7 grams of heroin and after being convicted of a felony, had knowingly possessed a firearm that had traveled in interstate commerce.  ECF No. 22 ¶¶ 2, 6.  He agreed that the adjusted offense level, before chapter 3 or 4 adjustments, was 28.  *Id.* ¶ 6.  The parties disputed whether Jones was a career offender or armed career criminal.  *Id.* ¶¶ 6-7.

The government agreed to a three-level reduction in the offense level for acceptance of responsibility.  *Id.* ¶ 6.  It also agreed that if the Court found that Jones was a career offender or armed career criminal, the government would

recommend a sentence within the advisory guidelines range.  *Id.*
¶ 9.

Jones waived his right to appeal a sentence "within . . .
the adjusted base offense level of 25 (31 if [he] is a career
offender or an armed career criminal)."  *Id.* ¶ 11.

Jones and Smith signed the plea agreement.  ECF No. 12 at
8.  Jones acknowledged that he understood and voluntarily agreed
to the plea agreement and that the stipulated facts were true.
*Id.*  Smith represented that he had reviewed the agreement with
Jones, and Jones had told him he understood and accepted the
terms, and was signing the agreement voluntarily.  *Id.*  Jones
repeated these representations at his rearraignment.  ECF No. 46
at 11:11-18; 12:12-17.

On March 4, 2009, Jones petitioned for a Writ of Error
*Coram Nobis* in the District Court for Baltimore County, chall-
enging a 1999 resisting arrest conviction.  ECF No. 57-5.  On
March 17, 2009, Jones moved to postpone his sentencing pending
the results of the *coram nobis* petition.[3]  ECF No. 26.  On August
4, 2009, the District Court for Baltimore County declined to
vacate the conviction.  ECF No. 57-5 at 5.

---

[3] On March 17, 2009, the Court granted Jones's motion to postpone
sentencing.  ECF No. 28.  On June 1, 2009, Smith moved to
withdraw as Jones's attorney.  ECF No. 29.  On July 20, 2009,
the Court denied Smith's motion to withdraw.  ECF No. 31.

On June 1, 3, and 9, 2009, Jones petitioned for Writs of
Error *Coram Nobis* in the Circuit Court for Baltimore City,
challenging three attempted distribution and possession with
intent to distribute convictions.  ECF No. 86-2.  The
convictions occurred in 2000, 2001,[4] and 2004.[5]  ECF No. 86-3 at
2-3.

---

[4] Jones's 2001 case originated in the District Court; on his
request, it was removed to the Circuit Court for Baltimore City,
where it remained pending for about three months.  ECF No. 86 at
4.  Jones did not timely apply for a court-appointed attorney;
thus, he appeared in court for his August 29, 2001 plea
proceeding without counsel.  ECF Nos. 81-1 at 12; 81-2 at 26:17-
20.  During the plea colloquy, the Circuit Court told Jones that
the District Court had ruled that he had waived his right to
counsel.  ECF Nos. 86 at 3, 86-1 at 8:12-13.  A public defender
stood with Jones as a friend of the court, and spoke for him.
ECF No. 86-1 at 8:8-10.  At Jones's February 23, 2012 § 2255
hearing, Smith testified that--from his recollection--the
Circuit Court had found that Jones had "waived by inaction," and
there was not an "on-the-record waiver" of counsel by Jones.
ECF No. 81-2 at 26:23-25.

[5] For the 2004 cocaine distribution conviction, Jones was
originally represented by public defender Maureen Rowland, Esq.
ECF No. 86 at 4.  However, Rowland was unavailable on the day of
Jones's plea colloquy; another public defender, Jerome LaCorte,
Esq., stood in for Rowland.  *Id.*; ECF Nos.  81-4 at 4:11-12; 86-
3 at 3.  The state initially offered Jones a 12-year sentence,
all but time served suspended, and three years' probation.  ECF
No. 81-4 at 5:10-12.  Jones declined the offer because of the
length of the suspended sentence.  *Id.* at 6:13-14.  The Circuit
Court offered Jones a five-year suspended sentence with two
years' probation; after a brief consultation with LaCorte, Jones
accepted the offer.  *Id.* at 6:18-7:11.  After about a 30-minute
recess, the Circuit Court proceeded with Jones's plea colloquy.
*Id.* at 8:22-9:16.  The Court asked Jones whether he was
satisfied with the services rendered by LaCorte; Jones said that
he was.  *Id.* at 13:16-19.

Jones challenged the 2001 conviction for attempted distribution of cocaine on grounds that his plea was not knowing or voluntary because he "was not advised of the elements of the offense, and he was given various descriptions of the offense to which he was pleading guilty." ECF No. 86-2 at 5.  Jones argued that, "[h]ad [he] been properly advised . . . by the Court, or counsel, the intelligent choice would have been to challenge the State's case . . . ." *Id.* at 8.  Had counsel failed to advise Jones to challenge the State's case, Jones "*would clearly have had* an ineffective assistance of counsel argument." *Id.* (emphasis added).[6]

On October 23, 2009, the Circuit Court declined to vacate the 2001 and 2004 convictions. ECF No. 86-3 at 12-13. On the issue of ineffective representation by counsel during Jones's August 29, 2001 plea proceeding, the Circuit Court concluded that "[t]his assertion is not at issue before this court." ECF No. 86-3 at 11.  The Circuit Court noted that Jones's "failure to seek counsel by the hearing date, which was at least the second in the series, was sufficient to assume waiver of counsel." *Id.*  The Circuit Court stated that Jones did not object when, during the plea colloquy, he was informed about the waiver, and agreed that the public defender's assistance, as a

---

[6] Jones did not directly raise a Sixth Amendment claim based on invalid waiver of his right to counsel in his *coram nobis* petition challenging the 2001 conviction.

friend of the court, was adequate. *Id*. Thus, the Circuit Court found "any claim of ineffectiveness of counsel very dubious . . . based upon the clear waiver made by [Jones]." ECF No. 86-3 at 11.[7] The Circuit Court also found that Jones received adequate representation by LaCorte when he accepted the plea resulting in his 2004 conviction. *Id*. at 12.

On December 11, 2009, at sentencing, Smith unsuccessfully objected to the use of Jones's resisting arrest conviction as a crime of violence. ECF No. 47 at 3:7-24, 4:5-8. Smith noted the unsuccessful *coram nobis* petitions. *Id*. at 6:19-7:8.[8] The Court concluded that Jones had 15 criminal history points, qualified as a career offender, and was subject to enhancements under the Armed Career Criminal Act ("ACCA")[9] and related

---

[7] The transcript from the August 29, 2001 plea colloquy does not show that Jones was asked if he was satisfied with the public defender's assistance. Before accepting the plea, the Circuit Court asked Jones if anyone had "made any threat or promise to make [him] plead guilty," to which Jones replied, "No." ECF No. 86-1 at 8:16-19. Later, Jones was asked if he wanted to say anything else before being sentenced, to which Jones replied, "No." *Id*. at 9:19-21.

[8] Smith mentioned the *coram nobis* petitions in connection with his request to correct the presentence report to reflect Jones's conviction for attempted distribution, not actual distribution. ECF No. 47 at 5:25-6:16.

[9] Under the ACCA,

> a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for . . . a serious drug offense, . . . committed on occasions

guideline. *Id.* at 4:8-11.[10]

Jones's total offense level was 31, and his criminal history category was VI, yielding an advisory sentencing guidelines range of 188 to 235 months imprisonment. U.S.S.G. CH. 5, Pt. A (sentencing table). Because he was subject to the ACCA, Jones's statutory mandatory minimum sentence was 15

---

different from one another, such person shall be fined under this title and imprisoned not less than fifteen years.

18 U.S.C. § 924(e)(1). A "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . ., for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii). The government must prove by a preponderance of the evidence that a prior conviction qualifies as an ACCA predicate. *See United States v. Sterling*, 283 F.3d 216, 220 n.2 (4th Cir. 2002). Here, Jones pled guilty to violating 18 U.S.C. § 922(g). ECF No. 22 at 1.

[10] According to the Presentence report ("PSR"), which the Court adopted, the 1999, 2001, and 2004 convictions were predicates for ACCA and for the career offender enhancement. The 2000 conviction, for possession with intent to distribute marijuana, was a predicate for the career offender enhancement, not the ACCA, because it carried a maximum sentence of five years, and an ACCA drug offense predicate must have a maximum sentence of 10 years or more. PSR at 8, 13 (sealed); ECF No. 81-1 at 5; 18 U.S.C. § 924(e)(2)(A).

years.[11]   The Court sentenced Jones to concurrent 188 month

sentences.   ECF No. 34.[12]

On June 8, 2010, Jones wrote to the Fourth Circuit, asking

whether Smith had filed an appeal on his behalf.   ECF No. 40.

The Fourth Circuit forwarded the letter to the District of

Maryland; on June 28, 2010, it was docketed as a notice of

appeal.   *Id*.   On January 24, 2011, the Fourth Circuit dismissed

the appeal as untimely.   ECF No. 51.   The dismissal was

effective on February 15, 2011.   ECF No. 52.

On March 10, 2011, Jones moved to vacate his sentence.   ECF

No. 53.   On June 23, 2011, he moved for a hearing.   ECF No. 59.

On August 11, 2011, the Court appointed Sicilia Englert, Esq.,

to represent Jones on the motion.   ECF Nos. 60-62.   She

supplemented the briefings.   ECF Nos. 65, 67.   The government

opposed the motion to vacate.   ECF Nos. 57, 66.

On February 23, 2012, a hearing was held to determine

whether Jones had asked Smith to appeal Jones's sentence.   ECF

No. 68.   Jones testified that immediately after being sentenced,

he spoke with Smith in the courthouse.   ECF No. 81-2 at 11:2-6.

Jones testified he then specifically told Smith to appeal the

---

[11] Had he not been subject to ACCA, his drug conviction mandatory
minimum would have been five years.   21 U.S.C. § 841(b)(1)(B).

[12] The Court determined that a sentence at the bottom of the
guidelines was appropriate in light of Jones's disadvantaged
family history.   ECF No. 47 at 12:17-24.

sentence. *Id.* at 11:10-16. Jones said that he also spoke with
Smith on the phone during the week after he was sentenced and
told Smith to "come see [Jones] so we can discuss the appeal."
*Id.* at 11:17-12:14.

Smith testified that he had 50 to 60 open criminal cases
when he was representing Jones. *Id.* at 21:20. He remembered
that, after sentencing, he discussed with Jones the likelihood
of success on appeal, and Jones had waived many of his appeal
rights. *Id.* at 22:16-19. He testified that, if Jones had
asked, he would have filed an appeal despite the waiver. *Id.* at
19:7-11. He did not recall Jones specifically telling him to
file an appeal. *Id.* at 19:22-20:8.

Smith further testified that he had not challenged Jones's
2001 conviction as an ACCA predicate at sentencing; however,
"had that predicate not been used," Smith "would have . . .
argu[ed]" that Jones was not subject to the ACCA. *Id.* at 27:5-
20. He recalled explaining to Jones that, even if they were
successful in challenging the application of the ACCA, he would
still be sentenced to from 188 to 235 months because he was a
career offender. *Id.* at 17:16-21, 19:3-6.

On February 29, 2012, the Court granted Jones's § 2255
petition on his claim that Smith provided ineffective assistance
of counsel by refusing to file an appeal, and granted Jones a

belated appeal.  ECF No. 70.  The Court declined to reach the other issues raised in Jones's petition.  ECF Nos. 69 at 1, 11.

On November 7, 2012, the Fourth Circuit Court of Appeals, by unpublished opinion, affirmed this Court's determination that Jones was a career offender and an Armed Career Criminal ("ACC"), and affirmed Jones's 188-month sentence.  ECF No. 76.[13] The Fourth Circuit found that Jones had waived his right to challenge his ACC designation because he had not "argue[d] at sentencing that the 2001 and 2004 drug offenses did not qualify as ACCA predicate conversions while challenging his [ACC] status on another ground."  *Id*. at 5.

On December 3, 2012, the Court granted Jones's request to re-appoint counsel to "pursue the issues pending in his motion to vacate as well as supplemental issues arising out of the denial of his direct appeal."  ECF Nos. 77, 80.

On August 7, 2013, Jones refiled the instant § 2255 petition.  ECF No. 81.  On December 11, 2013, the government opposed.  ECF No. 86.  On January 13, 2014, Jones replied.  ECF No. 89.

II.  Analysis

Jones contends that he received ineffective assistance of counsel because Smith failed to challenge his 2001 and 2004

---

[13] *See also United States v. Jones*, 496 F. App'x 313 (4th Cir. 2012)(unpublished)(per curiam).

convictions as ACCA predicate offenses, which--Jones argues--
were obtained in violation of his Sixth Amendment right to
counsel.  ECF No. 81 at 3-5.  The government contends that Smith
was not ineffective for failing to challenge those convictions
because Jones's *coram nobis* petitions had been denied by the
Circuit Court.  ECF No. 86 at 3.  Jones contends, however, that
federal sentencing courts are "not bound by a state court's
denial of a *coram nobis* petition."  ECF No. 89 at 2.

A.    Legal Standard for Ineffective Assistance of Counsel

The Sixth Amendment guarantees the effective assistance of
counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).
To prove ineffective assistance, Jones must show: (1) counsel's
performance was deficient and (2) the deficiency prejudiced his
defense.  *Id.* at 687.

To show deficient performance, Jones must establish that
counsel made errors so serious that the "representation fell
below an objective standard of reasonableness."  *Id.* at 688.
There is "a strong presumption that counsel's conduct was within
a wide range of reasonably professional conduct."  *Kratsas v.
United States*, 102 F. Supp. 2d 320, 322 (D. Md. 2000) *aff'd*, 9
F. App'x 107 (4th Cir. 2001) (*citing id.* at 688-89).  To
overcome this presumption, Jones must show "that the challenged
action [did not] amount[] to trial strategy."  *Luchenburg v.
Smith*, 79 F.3d 388, 392 (4th Cir. 1996).

11

To show prejudice, he must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Because Jones argues that the sentence--rather than the conviction--was imposed without effective assistance of counsel, he must show that his sentence would have been less if counsel had not erred. *United States v. Breckenridge*, 93 F.3d 132, 136 (4th Cir. 1996).[14]  Counsel's failure "to object to an improper application of the sentencing guidelines may amount to ineffective assistance." *Id*.

B.   State Convictions

Jones contends that two prior state convictions were obtained in violation of his Sixth Amendment right to counsel: (1) in 2001, because he did not have counsel when he pled guilty, and he had not effectively waived his right to counsel; and (2) in 2004, because the Circuit Court did not obtain a waiver of counsel or "valid consent to proceed with substitute counsel."  ECF No. 81-1 at 12-18.

---

[14] When a defendant who pled guilty challenges his conviction or the *imposition* of sentence, the focus is whether counsel's "performance affected the outcome of the plea process."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Here, Jones challenges his attorney's performance at sentencing, so the test is whether the sentence would have been shorter.  *See United States v. Tucker*, 603 F.3d 260, 266-67 (4th Cir. 2010) (applying *Breckenridge* standard to challenge to sentence imposed on guilty plea); *Tilghman v. United States*, No. 08-831, 2008 WL 4372812 at *2 (D. Md. Sep. 18, 2008).

Uncounseled state convictions may be the subject of collateral attack in a federal sentencing proceeding. *Custis v. United States*, 511 U.S. 485 (1994).[15] Although on direct appeal the government bears the burden of proving that a defendant's waiver of his Sixth Amendment right to counsel is valid, *Brewer v. Williams*, 430 U.S. 387, 404 (1977), "in a collateral attack on an uncounseled conviction, it is the defendant's burden to prove that he did not competently and intelligently waive his right to the assistance of counsel." *Iowa v. Tovar*, 541 U.S. 77, 92 (2004).

  1. Jones's 2001 Conviction

  A criminal defendant may waive the right to counsel when the waiver is: (1) clear and unequivocal; (2) knowing, intelligent, and voluntary; and (3) timely. *See United States v. Frazier—El*, 204 F.3d 553, 558 (4th Cir. 2000) (collecting cases); *see also Patterson v. Illinois*, 487 U.S. 285, 292-300 (1988).[16] A waiver is knowing and intelligent when a suspect is aware of "the

---

[15] *See also United States v. Bacon*, 94 F.3d 158, 162 (4th Cir. 1996) ("In *Custis,* the Supreme Court held that a defendant may not collaterally attack a prior conviction underlying a statutory sentence enhancement unless the prior conviction was obtained in the absence of counsel.").

[16] In *Patterson*, the defendant had waived his right to counsel during postindictment questioning. 487 U.S. at 288-89. The U.S. Supreme Court held that, at that stage of the proceedings, a suspect's waiver of his Fifth Amendment right to counsel is equally valid as a waiver of his Sixth Amendment right to counsel. *Id.* at 292-93.

usefulness of counsel to the accused at the particular proceeding, and the dangers to the accused of proceeding without counsel." *Patterson*, 487 U.S. at 298. A waiver is voluntary when it is uncoerced. *See Faretta v. California*, 422 U.S. 806, 835 1975)(defendant waiving counsel must be "made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open'") (*quoting Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)).

"[T]he scope of the Sixth Amendment right to counsel, and the type of warnings and procedures that should be required before a waiver of that right will be recognized," is determined based on the "particular stage of the proceedings" at issue. *Patterson*, 487 U.S. at 298. "[A] more searching or formal inquiry" is required "before permitting an accused to waive his right to counsel at trial." *Id.* at 299.[17]

Maryland law provides guidance on assessing whether a defendant has by inaction waived his right to counsel. *See Parren v. State*, 523 A.2d 597, 600 (Md. 1987)(noting that

---

[17] The "failure to conduct a formal inquiry" is not "*per se* reversible error" when "the record as a whole demonstrates that [the defendant's] decision to waive counsel was knowing, intelligent, and voluntary." *United States v. Singleton*, 107 F.3d 1091, 1097-98 (4th Cir. 1997)(affirming the district court's "open court exploration of the defendant's background capabilities and understanding of the dangers and disadvantages of self-representation" to conclude that defendant had intelligently waived his right to counsel).

Maryland Rule 4-215 was adopted "to implement the constitutional guarantees"). Maryland Rule 4-215(c) provides that,

> [i]n the District Court, if the defendant appears on the date set for trial without counsel and indicates a desire to have counsel, the court shall permit the defendant to explain the appearance without counsel . . . .
>
> If the court finds that there is no meritorious reason for the defendant's appearance without counsel, the court may determine that the defendant has waived counsel by failing or refusing to obtain counsel and may proceed with the trial only if (1) the defendant received a copy of the charging document containing the notice as to the right to counsel and (2) the defendant either (A) is charged with an offense that is not punishable by a fine exceeding five hundred dollars or by imprisonment,[18] or (B) appeared before a judicial officer of the District Court pursuant to Rule 4-213(a)[19] or (b) or before the court pursuant to section (a)[20] of this Rule and was given the required advice.

---

[18] This provision does not apply because Jones was charged with an offense that is punishable by imprisonment. *See* ECF No. 86-1 at 8:3-6.

[19] This Rule, in conjunction with Rule 4-213(c), governs express waiver of counsel upon initial appearance. *See* Maryland Rule 4-213.

[20] Under Maryland Rule 4-215(a),

> [a]t the defendant's first appearance in court without counsel, or when the defendant appears in the District Court without counsel, demands a jury trial, and the record does not disclose prior compliance with this section by a judge, the court shall:
>
> (1) Make certain that the defendant has received a copy of the charging document containing notice as to the right to counsel.
> (2) Inform the defendant of the right to counsel and of the importance of assistance of counsel.

Similarly, under Maryland Rule 4-215(d),

> [i]f a defendant appears in circuit court without
> counsel on the date set for hearing or trial,
> indicates a desire to have counsel, and the record
> shows compliance with section (a) of this Rule, either
> in a previous appearance in the circuit court or in an
> appearance in the District Court in a case in which
> the defendant demanded a jury trial, the court shall
> permit the defendant to explain the appearance without
> counsel.
>
> If the court finds that there is a meritorious reason
> for the defendant's appearance without counsel, the
> court shall continue the action to a later time and
> advise the defendant that if counsel does not enter an
> appearance by that time, the action will proceed to
> trial with the defendant unrepresented by counsel. If
> the court finds that there is no meritorious reason
> for the defendant's appearance without counsel, the
> court may determine that the defendant has waived
> counsel by failing or refusing to obtain counsel and
> may proceed with the hearing or trial.[21]

---

(3) Advise the defendant of the nature of the charges
in the charging document, and the allowable penalties,
including mandatory penalties, if any.
(4) Conduct a waiver inquiry pursuant to section (b)
of this Rule if the defendant indicates a desire to
waive counsel.
(5) If trial is to be conducted on a subsequent date,
advise the defendant that if the defendant appears for
trial without counsel, the court could determine that
the defendant waived counsel and proceed to trial with
the defendant unrepresented by counsel.
(6) If the defendant is charged with an offense that
carries a penalty of incarceration, determine whether
the defendant had appeared before a judicial officer
for an initial appearance pursuant to Rule 4-213 or a
hearing pursuant to Rule 4-216 and, if so, that the
record of such proceeding shows that the defendant was
advised of the right to counsel.

[21] "[T]he requirements of Maryland Rule 4-215 are 'mandatory and
must be complied with, irrespective of the gravity of the crime
charged, the type of plea entered, or the lack of an affirmative
showing of prejudice to the accused.'" *Broadwater v. State*, 931

In deciding whether the defendant's reason is meritorious, "the court's inquiry (1) must be sufficient to permit it to exercise its discretion ... (2) must not ignore information relevant to whether the defendant's inaction constitutes waiver ... and (3) must reflect that the court actually considered the defendant's reasons for appearing without counsel before making a decision." *Broadwater*, 931 A.2d at 1114-15.

Here, at Jones's August 29, 2001 plea proceeding, the Circuit Court did not conduct any inquiry--let alone a "searching inquiry"--into Jones's waiver of counsel when he pled guilty; it merely noted that the District Court had found that Jones had waived that right. ECF No. 86-1 at 8:8-14. Jones evidently desired counsel when he appeared before the Circuit Court for his plea colloquy because he had, by then, contacted the public defender's office, and because he consulted with the public defender appearing as a friend of the court. ECF Nos. 86-1 at 8:8-9; 81-2 at 26:17-20.

Assuming, *arguendo*, that the District Court had complied with Maryland Rule 4-215(a) when it found that Jones had waived

---

A.2d 1098, 1102 (Md. 2007)(*quoting Taylor v. State*, 316 A.2d 296, 299, 300 (Md. Ct. Spec. App. 1974) (overturning a conviction when the defendant had not been informed of the allowable punishments and the usefulness of the assistance of counsel in determining available defenses before he was found to have waived his right to counsel)). Failure to comply with Maryland Rule 4-215 is reversible error. *Id.*

by inaction,[22] the Circuit Court did not provide Jones an opportunity to explain counsel's absence. *See* ECF 86-1 at 8:8-14.   Thus, the Circuit Court never determined whether Jones's reasons for appearing without counsel were "meritorious," and did not make an independent finding that Jones had waived by inaction under Maryland Rule 4-215(d). *Id.* at 8:12-14.[23] Notwithstanding the public defender's consultation as a friend of the court, Jones's waiver was invalid under Maryland law. *See Maus v. State*, 523 A.2d 1066, 1080 (Md. 1987)(vacating judgment, and finding that the defendant was denied his right to counsel when the judge failed to ask the defendant why he did not have an attorney when he appeared for trial, thus neglecting

---

[22] The record of the District Court finding that Jones had waived counsel is not before this Court.

[23] *Compare Arnold v. Hershberger*, Civil Action No. DKC-09-1854, 2010 WL 2292480, at *9 (D. Md. June 3, 2010)(finding that a Circuit Court judge complied with Rule 4-215(d) when the judge made "persistent attempts to help appellant obtain representation," and it was defendant's "unwillingness to discuss this matter with the Public Defender's Office, despite its overtures and the court's entreaties to do so," that led the judge to conclude that the defendant had waived by inaction); *Broadwater*, A.2d at 1115 (affirming the circuit court's finding of waiver by inaction when the court "examined [the defendant's] offered explanations as to why she had appeared numerous times in court without counsel, asked her about the problems she perceived with the State's particular discovery responses, and determined that, in light of the fact that she had approximately five months in which to retain an attorney after being told the first time of the importance of counsel, she effectively waived her right to counsel by inaction").

18

"to make a proper waiver determination" in violation of Maryland
Rule 4-215(d)).[24]

   2.   Jones's 2004 Conviction

   A defendant's "[right to] counsel is completely denied"
when his appointed or retained attorney, with whom he has worked
throughout the proceedings, is "absen[t from] a 'critical stage'
of a trial" or proceeding.  *Olden v. United States*, 224 F.3d
561, 568 (6th Cir.2000) (*quoting United States v. Cronic*, 466
U.S. 648, 659 (1984)).  That another attorney "stand[s] in" and
speaks on behalf of the defendant does not avoid the
constitutional violation.  *Id*.  An attorney who "stands in" for
a defendant's counsel does not become that defendant's counsel
until that defendant knowingly, intelligently, and voluntarily
waives his right to be represented by the attorney who has
represented him throughout the proceeding.  *See id.* at 568-69.[25]

---

[24] "Courts 'indulge in every reasonable presumption against
waiver' of the right to counsel."  *United States v. Wiggins*, 492
F. App'x 414, 415 (4th Cir. 2012)(unpublished) *cert. denied*, 133
S. Ct. 487 (2012)(*quoting Brewer v. Williams*, 430 U.S. 387, 404
(1977)).

[25] The Maryland Rules do not address waiver of counsel in the
context of representation by substitute counsel, when the
defendant has not initiated the change in representation.
Maryland Rule 4-215(e) governs discharge of counsel by a
defendant.  *See State v. Taylor*, 66 A.3d 698, 6330-31 (Md.
2013)("Pursuant to Md. Rule 4-215(e), when a defendant expresses
a desire to discharge his or her counsel in order to substitute
different counsel or to proceed self-represented, a court must
ask about the reasons underlying a defendant's request to
discharge the services of his trial counsel and provid[e] the

Without that waiver, the absence of selected counsel from critical proceedings is a complete deprivation of counsel.  *Id.*[26]

"The entry of a guilty plea, whether to a misdemeanor or a felony charge, ranks as a critical stage at which the right to counsel adheres."  *Tovar*, 541 U.S. at 81 (internal quotation marks and citation omitted).

Here, Jones's counsel, Rowland, was absent from the entire guilty plea, a critical stage of the proceeding.  Although Jones stated that he was satisfied with LaCorte's services, he never waived his right to his appointed attorney.  ECF No. 81-4 at 13:16-19.  *See Olden*, 24 F.3d at 569 (defendant did not knowingly and intelligently accept substitute counsel, thereby waiving his right to have his own counsel present, when defendant, on the record, stated that he had no objection to substitute counsel).  Because the conviction was obtained in counsel's absence, and without valid waiver, it was obtained in

defendant an opportunity to explain those reasons.")(internal quotation marks and citation omitted).  Accordingly, the Court is guided by the waiver standard enunciated by the U.S. Supreme Court.

[26] Prejudice may be presumed when counsel is absent at a critical stage of the proceedings.  *Cronic*, 466 U.S. at 659; *United States v. Gonzalez-Lopez*, 548 U.S. 140, 146 (2006)("In sum, the right at stake here is the right to counsel of choice, not the right to a fair trial; and that right was violated because the deprivation of counsel was erroneous. No additional showing of prejudice is required to make the violation 'complete.'"); *see also James v. Harrison*, 389 F.3d 450, 455 (4th Cir. 2004); *Olden*, 224 F.3d at 563; *United States v. Russell*, 205 F.3d 768 (5th Cir. 2000).

violation of Jones's Sixth Amendment right to counsel. *See United States v. Ratchford*, No. CRIM. WDQ-11-0557, 2012 WL 3679221, at *2 (D. Md. Aug. 21, 2012)(*citing Custis*, 511 U.S. at 496.).

   C.   Deficient Performance

   Because Jones's 2001 and 2004 convictions were obtained in violation of his Sixth Amendment right to counsel, the Court must determine whether Smith provided ineffective assistance at Jones's federal sentencing by failing to challenge those convictions as ACCA predicates.

   As discussed above, to show deficient performance, Jones must establish that Smith's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  The government contends that Smith provided effective assistance by filing the *coram nobis* petitions; further, because the Circuit Court denied the petitions before Jones's federal sentencing, Smith was "not obligate[d] . . . to further argue issues for which he had already received an adverse ruling." ECF No. 86 at 5-8.

   Here, the *coram nobis* petition Smith filed for Jones in connection with his 2001 conviction did not directly raise, and, thus, the Circuit Court did not rule, on the issue of ineffective assistance of counsel. *See* ECF Nos. 86-2, 86-3. The Circuit Court stated that "[t]his assertion is not at issue

21

before this court." ECF No. 86-3 at 11.  It then described the
proceedings, and stated that "any claim of ineffectiveness of
counsel [was] very dubious . . . based upon the clear waiver by
[Jones]." *Id.*  However, the Circuit Court did not analyze
whether the District Court--or the Circuit Court conducting the
plea proceeding--complied with Maryland Rule 4-215 when finding
waiver by inaction, or whether it committed reversible error by
failing to comply.[27]  By definition, "dubious" "give[s] rise to
uncertainty."[28]  Thus, at Jones's federal sentencing, Smith
should have known that Jones had an unresolved Sixth Amendment
claim.

On Jones's 2004 conviction, the Circuit Court did not
address whether Jones had waived his right to representation by
Rowland; it addressed whether LaCorte was ineffective, and found
that he had not been. *See id.* at 11-12.  Thus, at Jones's
federal sentencing, he also had an unresolved Sixth Amendment
claim in connection with his right to representation by Rowland
when he pled guilty in 2004.

Smith's decision not to challenge the 2001 and 2004
convictions as ACCA predicates did not appear to be for reasons

---

[27] *See supra*, note 21.

[28] *See* Webster's Ninth New Collegiate Dictionary 386 (1986).

of strategy.[29]  Smith testified that if the 2001 conviction was not a predicate offense, he would have argued that Jones was not subject to the ACCA.  ECF No. 81-2 at 27:5-9.  Thus, it appears--though the record is unclear--that Smith relied on the Circuit Court's denial of Jones's *coram nobis* petitions to inform his decision-making on whether to challenge the convictions as ACCA predicates.

However, as discussed above, the Circuit Court's limited analysis of Jones's representation did not preclude Smith from raising those issues at sentencing.  Under *Custis*, defendants are permitted to collaterally attack state "convictions obtained in violation of the right to counsel," 511 U.S. at 487, 496. Thus, Smith's performance was deficient when he failed to challenge the 2001 and 2004 convictions as ACCA predicates on grounds that they were obtained in violation of Jones's Sixth Amendment right to counsel.  *See United States v. Tucker*, 603 F.3d 260, 265 (4th Cir. 2010)(trial counsel ineffective for failing to challenge conviction as ACCA predicate when information in the PSR placed counsel on notice that conviction

---

[29] Smith's only apparent reason for mentioning those convictions, and the Circuit Court's *coram nobis* denial, was to correct the presentence report.  ECF No. 47 at 6:19-7:8.

was not for a violent felony under the ACCA); *Breckenridge*, 93
F.3d at 136.[30]

    D.   Prejudice

    Jones contends that he was prejudiced by Smith's failure to
challenge the 2001 and 2004 convictions because, if successful,
he would not have been an armed career criminal.  ECF No. 81-1
at 22.  Free from the ACCA mandatory minimum of 15 years, Jones
contends that he would have been eligible for a reduced sentence
under 18 U.S.C. § 3553(a).[31]  Jones concedes that he still would
have been sentenced as a career offender.  ECF No. 81-1 at 22.[32]
However, if the 2001 and 2004 convictions were inapplicable, his
criminal history points would have been reduced from 15 to 10.
*Id.*  On that basis, "he could have argued that designation as a
career offender overrepresented his criminal history."  *Id.*

    The government contends that Jones was not prejudiced
because even if he was not subject to the ACCA, his career

---

[30] *See also United States v. Weathers*, 493 F.3d 229, 237 (D.C.
Cir. 2007)(counsel ineffective for failing to argue that two
charges against the defendant merged, when there was "no
evidence counsel made a reasoned tactical decision" not to do
so).

[31] Section 3553(a) permits sentencing courts to consider a range
of factors, including "the nature and circumstances of the
offense and the history and characteristics of the defendant."
18 U.S.C. § 3553(a)(1)(2008).

[32] Jones's 1999 conviction for resisting arrest, and 2000
conviction for possession with intent to distribute, provided
the sufficient career offender predicate convictions.  *See* ECF
No. 81-1 at 8; PSR at 5.

offender status prescribed a guideline range of 188 to 235 months incarceration.  ECF No. 86 at 6.[33]  The government further contends that, assuming, *arguendo*, that Jones's criminal history was overrepresented,[34] a one level downward departure in his criminal history category would have yielded a guideline range of 168 to 210 months; thus, because his 188 month sentence was within that range, Jones was not prejudiced.  *Id.*

As discussed above, to establish prejudice, Jones must show that his sentence would have been less if counsel had not erred.  *Breckenridge*, 93 F.3d at 136; *Tucker*, 603 F.3d at 267.

Without the 2001 and 2004 ACCA predicates, Jones would not have had sufficient qualifying convictions for--and, thus, would not have been subject to--that statute's 15 year mandatory minimum sentence.[35]  As a career offender, Jones's offense level of 31 would have remained unchanged.  *See* U.S.S.G. §§ 3E1.1,

---

[33] The government notes that Jones's 188 month sentence was at the low end of that range.  ECF No. 86 at 6.

[34] The government does not concede that it was.  *Id.* at 6 n.4.

[35] In *Tucker*, the Fourth Circuit Court of Appeals concluded that prejudice was established when the defendant's counsel failed to object to the use of two burglary convictions as ACCA predicates.  603 F.3d at 266.  Because the burglaries were not clearly separate offenses, under the ACCA they should have been considered one offense.  *Id.*  Thus, the defendant did not have sufficient qualifying offenses, and suffered prejudice, when he was sentenced as an ACC.  *Id.* at 266-67.

4B1.1.[36]  Although establishing prejudice generally requires
petitioners to show that they *would have* received a reduced
sentence,[37] "[t]he touchstone of an ineffective-assistance claim
is the fairness of the adversary proceeding." *Lockhart v.
Fretwell*, 506 U.S. 364, 370 (1993).  Had the Court not relied
upon Jones's 2001 and 2004 convictions obtained in violation of
his Sixth Amendment right to counsel, Jones's criminal history
points would have been reduced from 15 to 10.  *See* PSR at 6-8.
Accordingly, Jones would have been eligible for a downward
departure of one criminal history category, from category VI to
category V, yielding a guideline range of 168 to 210 months.
U.S.S.G. § 4A1.3(b)(3)(A).  Further, the Court would have
considered whether 18 U.S.C. § 3553(a) factors favored a reduced
sentence.  In light of his troubled upbringing, Jones was
sentenced at the bottom of the guideline range, ECF No. 47 at
12:17-24; if Jones had not been sentenced as an ACC, it is
likely that he would have received a sentence lower than 188
months.[38]

---

[36] Jones's total offense level was 34, with a three-point
reduction for acceptance of responsibility.  PSR at 5-6.

[37] *See supra* note 14 and accompanying text.

[38] *Cf. Smith v. United States*, 871 F. Supp. 251, 256 (E.D. Va.
1994)(petitioner prejudiced when, but for counsel's errors,
petitioner would have been sentenced within a guideline range of
262 to 327 months, and not 292 to 365 months, and when
sentencing court had sentenced petitioner at the bottom end of

Thus, Jones has demonstrated that Smith's ineffective assistance prejudiced the outcome of his sentencing. Having demonstrated deficient performance, and prejudice, Jones is entitled to relief.

III. Conclusion

For the reasons stated above, Jones's petition to vacate, set aside, or correct his sentence under § 2255, is granted, and Jones will be resentenced.

_12/5/14_
Date

_____
William D. Quarles, Jr.
United States District Judge

---

the guideline range). The assumption that Jones's sentencing would have been otherwise unaffected by additional arguments from the government favoring an increased sentence is "proper because the relevant question is what would have occurred 'but for' the ineffective assistance." *Id.* (*quoting Strickland*, 466 U.S. at 694).